IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICTOR M. GONZALEZ-GUZMAN<br><br>Plaintiff<br><br>vs<br><br>METROPOLITAN LIFE INSURANCE CO., d/b/a MET LIFE; CORPORATIONS "A," "B," "C;" JANE DOE; JOHN ROE<br><br>Defendants | CIVIL 16-1946CCC |

**TRANSFER ORDER**

Before the Court is defendant Metropolitan Life Insurance Company's Motion to Transfer (**d.e. 11**), plaintiff Víctor M. González-Guzmán's Opposition (d.e. 20), and plaintiff's Reply (d.e. 24-1).[1]

**BACKGROUND**

On May 23, 2016, plaintiff filed his Complaint (d.e. 1) against defendant for Breach of Contract and Bad Faith Denial of Benefits in violation of the Americans with Disabilities Act and Florida State Law. On July 26, 2016 defendant filed its Motion to Transfer (d.e. 11), arguing that the Court should transfer the case to the Southern District of Florida. Defendant's argument rests on its assertion that litigating the case in said district would be more convenient for all parties, given that Florida law will apply, all non-party witnesses are in the Southern District of Florida, and all events relevant to plaintiff's Complaint took place in the Southern District of Florida.

On August 22, 2016, plaintiff filed his Opposition (d.e. 20), arguing that the District of Puerto Rico is the proper venue for this action. Specifically,

---

[1]The Motion for Leave to File Reply (**d.e. 24**) is GRANTED.

CIVIL 16-1946CCC                               2

plaintiff argues that defendant's motion should be denied because it lacks evidentiary support, and because plaintiff's physical condition would make litigating in Florida unduly burdensome.

On September 9, 2016, defendant filed its Reply (d.e. 24-1) in which it reiterates the argument in its Motion to Transfer (d.e. 11) and argues that plaintiff's health does not outweigh the other factors that militate in favor of transfer.

**ANALYSIS**

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[]." It is within the court's discretion to grant a motion to transfer venue. Arroyo-Perez v. Demir Grp. Int'l, 733 F. Supp. 2d 314, 319 (D.P.R. 2010). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed. 2d 22 (1988); see also Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987); Rivera-Carmona v. Am. Airlines, 639 F.Supp. 2d 194, 197 (D.P.R. 2009). The burden of proof rests with the party seeking transfer because of the strong presumption in favor of plaintiff's choice of venue. See Albizu Rodriguez v. Carlos Albizu Univ., 585 F.Supp. 2d 240, 244 (D.P.R. 2008); see also Rivera–Carmona v. Am. Airlines, 639 F.Supp. 2d at 197. However, "where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same

CIVIL 16-1946CCC                              3

'great weight' and in fact is given reduced significance." Arroyo-Perez, 733 F.Supp. 2d at 318, (citing Wine Mkts. Int'l, Inc. v. Bass, 939 F.Supp. 178, 183 (E.D.N.Y. 1996)).

Based on the record before the Court, jurisdiction and venue are proper in the Southern District of Florida. Nevertheless, in evaluating whether a case should be transferred pursuant to 28 U.S.C. § 1404(a), we consider four factors: "(1) the convenience of the parties and witnesses, (2) the availability of documents, (3) the possibility of consolidation, and (4) the order in which the district court obtained jurisdiction." Arroyo-Perez, 733 F.Supp. 2d 314, 319 (D.P.R., 2010) (citing Albizu Rodríguez v. Carlos Albizu Univ., 585 F.Supp. 2d 240, 244 (D.P.R. 2008)); Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000).  Courts must also consider public systemic interests, such as familiarity with the governing law and the local interest in deciding local controversies at home, in deciding whether a case should be transferred. Goya Foods, Inc., et al. v. Golla Oy, et al., 959 F.Supp. 2d 201, 205 (D.P.R. 2013); see also Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 30 (1988).

**(1)     The convenience of the parties and witnesses**.

Defendant contends that because "every event pertinent to this case took place in South Florida" (d.e. 11, p. 8; d.e. 24-1, p. 3), and because "all of the non-party witnesses are located there" (d.e. 11, p. 8), the information before the Court militates in favor of transfer.  Plaintiff argues that defendant's failure to detail why plaintiff's treating physicians in Florida will be called as witnesses," (d.e. 20, p. 14), and plaintiff's medical condition (d.e. 20, p. 15) require that this court deny defendant's Motion.

CIVIL 16-1946CCC                               4

The convenience analysis includes two parts: (1) the convenience of the parties, and (2) the convenience of the witnesses.  Of these two considerations, the latter is "probably the most important factor."  <u>Arroyo</u>, 733 F.Supp. 2d at 320 (quoting <u>Factors Etc., Inc. v. Pro Arts, Inc.</u>, 579 F.2d 215, 218 (2d Cir. 1978).

Based on the record before the Court, including the two doctor's notes provided by plaintiff (d.e. 20-1, d.e. 20-2), he would be more inconvenienced by litigating this case in the Southern District of Florida than defendant, particularly in light of defendant's superior financial abilities.  Accordingly, we find that the *convenience of the parties* factor weighs against transfer.  But that is not the end of our convenience analysis.  As this district has noted, e.g., in <u>Arroyo</u>, *supra*, the convenience of the witnesses is "probably the most important factor," and "where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same 'great weight' and in fact is given reduced significance."  <u>Id</u>. at 318.

The conference in which plaintiff alleges he was coerced to sign a document (d.e. 1, ¶ 18) occurred in the Southern District of Florida, and the witnesses to said conference are located there. Plaintiff filed his administrative complaint there (d.e. 1, ¶ 38).  Plaintiff addressed his Notice of Claim and Request for Investigation to MetLife's office in Florida.  (d.e. 1 ¶ 39).  The law firm Dell & Schaefer, which plaintiff alleges represented him unfairly in his pre-suit mediation, is located in Florida.  (d.e. 1, ¶ 44).  Plaintiff was diagnosed with Fibromyalgia in 2009, while residing in Florida (d.e. 1, ¶ 10).  The most recent evidence of Social Security benefits provided to plaintiff (d.e. 1, ex. 1) was addressed to him in the Southern District of Florida on January 13, 2015.

CIVIL 16-1946CCC                                        5

(d.e. 1, ¶ 4).  Defendant argues that all of the treating doctors at the time of plaintiff's claim are located in Florida, and it submits that "all of these nonparty witnesses would be expected to testify about Gonzalez's medical condition and treatment."  (d.e. 11, p. 6).

In his Complaint, plaintiff implies that he moved to Puerto Rico some time after he moved to the Dominican Republic and before the filing of this suit. (d.e. 1, ¶ 4).  In his Opposition, plaintiff argues that all of his treating physicians are in Puerto Rico (d.e. 20, ¶ 9), but the allegations in his Complaint (d.e. 1) only reference as relevant to his claim the treatment that he received in Florida while he was covered by defendant.  As to plaintiff's argument that because "defendant failed to include any affidavits from alleged witnesses stating that they are unwilling or unable to travel . . . they lack evidentiary support," such affidavits are not required by the Court, and it would be substantially more convenient for the doctors listed in defendant's Motion (d.e. 11, p. 6) to testify in South Florida where they live and work than it would be for them to travel to Puerto Rico.  The same is true of the other non-party witnesses listed in defendant's Motion (d.e. 11, pp. 2, 6).  Accordingly, we find that the *convenience of the witnesses* factor weighs heavily in favor of transfer.

### (2)     The availability of documents.

Defendant states that "all medical records, employment records, and records pertaining to th mediation are located in Florida in the possession of [the] nonparty witnesses."  (d.e. 11, p. 7).  Plaintiff does not dispute this, rather, he argues that "the documents can be digitized and transferred to this venue." (d.e. 20, p. 12).  We find that the *availability of documents* factor weighs heavily in favor of transfer.

CIVIL 16-1946CCC                        6

**(3)    The possibility of consolidation and the order in which the district court obtained jurisdiction**.

These two factors are based on the interest of justice.  The purpose of these factors is to prevent duplication and inconsistent rulings. "Where identical actions are proceeding concurrently in two federal courts . . . the first filed action is generally preferred in a choice-of-venue decision." Cianbro Corp. V. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987) (citing Codex v. Milgo Elec. Corp. 553 F.2d 735, 737 (1st Cir. 1977); see also Coady v. Ashcraft & Gerel, 223 F.3d at 11.  These factors are not relevant to the instant case, as there are no other relevant actions.

**(4)    Public Interest**.

Aside from the private interests outlined above, Courts must also consider systemic interests in deciding whether a case should be transferred. Goya Foods, Inc., et al. v. Golla Oy, et al., 959 F.Supp. 2d 201, 205 (D.P.R. 2013); see also Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 30 (1988).  "Familiarity with the governing law" and "the local interest in deciding local controversies at home" are examples.  Id. (citing Johnson v. VCG Holding Corp., 767 F.Supp. 2d 208 (D.Me. 2011) (quoting Charles Alan Wright *et al.*, 15 Federal Practice & Procedure § 3847 (Westlaw 2013)).

Aside from plaintiff's claim under the American Disabilities Act, all of the laws under which he alleges entitlement to relief find their provenance in the state of Florida.  The District of Puerto Rico is undoubtedly capable of applying Florida law; yet, the Southern District of Florida is more familiar with Florida law and in a better position to apply it.  See e.g. Jackson Nat. Life Ins. Co. v. Economou, 557 F.Supp. 2d 216 (D.N.H. 2008).

CIVIL 16-1946CCC 7

**CONCLUSION**

Having considered the convenience of the witnesses and parties and the availability of documents, defendant's Motion to Transfer Venue to the Southern District of Florida (**d.e. 11**) is GRANTED. The Clerk of Court shall enter an order in conformity with this Order.

SO ORDERED.

At San Juan, Puerto Rico, on October 31, 2016.

S/CARMEN CONSUELO CEREZO
United States District Judge